[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11137
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 17, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:09-cr-00308-LSC-JEO-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER SHAWN INGRAM,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 17, 2011)

Before EDMONDSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Christopher Shawn Ingram appeals his 180-month total sentence imposed

after he pleaded guilty to bank robbery, 18 U.S.C. § 2113(a), and carrying a

firearm in relation to a crime of violence, 18 U.S.C. § 924(c). No reversible error has been shown; we affirm.

On appeal, Ingram argues that his above-guidelines sentence substantively is unreasonable because the record did not justify the degree of the upward variance. We evaluate the substantive reasonableness of a sentence -- whether inside or outside the guidelines range -- under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors.[*] United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

When a district court decides to impose an upward variance, its justifications for doing so must be "'compelling' enough 'to support the degree of the variance' and complete enough to allow meaningful appellate review." United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009). We will vacate a sentence based on such an upward variance only "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing

---

[*] Under section 3553(a), a district court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, the defendant's medical and educational needs, the advisory guideline range, the Sentencing Commission's policy statements, and the need to avoid unwarranted sentencing disparities and provide restitution. See 18 U.S.C. § 3553(a)(1)-(7).

the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id.

We conclude that Ingram's sentence is reasonable. Although the 180-month sentence varied upward from the top of the advisory guidelines range by 74 months, it was still well below the statutory maximums that he faced for his offenses -- 20 years' imprisonment for bank robbery and life imprisonment for his firearms offense. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (comparing, as one indication of reasonableness, the sentence imposed and the statutory maximum sentence).

In determining Ingram's sentence, the court noted his extensive criminal history, which included 5 burglary and robbery convictions, and that he had spent all but 4 of his 26 adult years in prison. In particular, the court focused on Ingram's earlier bank robbery conviction, for which he was sentenced to 151 months' imprisonment. Concluding that Ingram had not learned from this earlier sentence -- and because he used a gun during the instant bank robbery -- the court stated that an above-guidelines sentence was necessary to accomplish the goals set forth in section 3553(a), including the need to provide adequate deterrence and to protect the public from future crimes. The court's justifications are compelling enough to support its upward variance, and we are not convinced that it erred in

3

weighing the statutory factors.

We also reject Ingram's contention that the district court failed to specify in its written order its reasons for imposing a sentence outside the guidelines range, as required by 18 U.S.C. § 3553(c)(2).  Although the district court's explanation was brief, it stated the required reasons for the above-guidelines sentence in its written judgment.

AFFIRMED.